UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY RUSSELL YBARRA,

    Plaintiff,

          v.                           CAUSE NO. 3:25-CV-20-JD-APR

JAMES JACKSON and CARROL
FLAVIO, JR.,

    Defendants.

OPINION AND ORDER

Randy Russell Ybarra, a prisoner without a lawyer, filed this case in the Southern District and it was transferred here. ECF 9. Before it was transferred, he filed an amended complaint raising allegations about the medical treatment he received at the Westville Correctional Facility. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Ybarra alleges he was taken to medical on October 20, 2022, by Sgt. Sissero because he injured his hand. He alleges X-ray Imaging Tech Carrol Flavio, Jr., took x-rays, determined his hand was not broken, and sent him back to his housing unit. He

alleges Dr. James Jackson signed off on the x-ray report and falsified a medical record saying he saw him that day for foot pain. He alleges Dr. Jackson refused to treat his hand on December 5, 2022.

Ybarra acknowledges this is not the first time he has sued about these events and he attaches a screening order showing most of these claims were dismissed on October 19, 2023, in *Ybarra v. Pacheco*, 3:23-cv-171 (N.D. Ind. filed February 27, 2023). ECF 8-1 at 4-10. Ybarra asserts he recently discovered evidence showing Dr. Jackson signed off on a report about the x-ray taken by the X-ray Imaging Tech. ECF 8-1 at 3. It is unclear what evidence he has because the only medical report he attached makes no mention of an x-ray. ECF 8-1 at 1-2. Nevertheless, it is irrelevant whether Dr. Jackson signed such a report. As the screening order in 3:23-cv-171 explained, the complaint in that case did not allege facts showing the X-ray Imaging Tech was deliberately indifferent in violation of the Eighth Amendment. ECF 8-1 at 3. If, in that case, Ybarra had alleged Dr. Jackson had signed the X-ray report he now alleges was recently found, the outcome of that case would not have been different. So too today, merely adding that Dr. Jackson signed an X-ray report does not state a claim.

In this case, Ybarra alleges for the first time that Dr. Jackson falsely stated he saw him for foot pain on October 20, 2022. ECF 8 at 4. However, the medical report he attached does not say Dr. Jackson saw him on that date. *See* ECF 8-1 at 1-2. It says Ybarra's medical chart was updated because Dr. Jackson "ordered gel inserts for shoes" in response to a recommendation by a podiatrist that he be given gel inserts. *Id*. This new allegation alleging a false medical report does not state a claim. In 3:23-cv-171, the

2

court dismissed the previously presented federal claims against Dr. Jackson and the X-ray Imaging Tech. ECF 8-1. It was frivolous to bring them again based on a medical report showing Dr. Jackson ordered gel inserts for his shoes.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on January 14, 2025

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT

3